UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LINWOOD GRAY**, <br><br>　　　　　　Plaintiff, <br><br>　　v. <br><br> **WILTON D. GREGORY**, *et al.*, <br><br>　　　　　　Defendants. | Case No. 22-cv-1856 (CRC) |

## MEMORANDUM OPINION

　　While the Catholic Church and Big Tobacco are frequent targets of litigation, this is the rare, if not only, case where both are named as defendants in the same lawsuit. Plaintiff Linwood Gray brings this *pro se* action against the Catholic Archdiocese of Washington, D.C., the R.J. Reynolds Tobacco Company, and one "Father Ginny," a priest who Gray claims hooked him on Lucky Strike cigarettes as a juvenile ward beginning in the late 1950s. Gray seeks damages totaling $185 million to remediate a variety of serious ailments purportedly caused by his resulting addition to nicotine. See Compl. at 1, 9.

　　The Archdiocese has moved to dismiss Gray's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of federal jurisdiction and Rule 12(b)(6) for failure to file suit within the applicable statute of limitations. Finding jurisdiction wanting, the Court will grant the motion on that basis and need not address the Archdiocese's statute of limitations argument.

　　Gray invokes this Court's diversity jurisdiction. Compl. at 2. Diversity jurisdiction exists when a case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. For purposes of diversity jurisdiction, a person is a citizen of the state where he is domiciled. See Momenian v. Davidson, 878 F.3d 381, 389 (D.C. Cir. 2017). A corporation is a citizen "of any State by which it has been incorporated and of the State where it

has its principal place of business." Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (cleaned up). Diversity must be "complete," meaning no plaintiff and defendant can be domiciled in the same state. Nytes v. Trustify, Inc., 297 F. Supp. 3d 191, 196 (D.D.C. 2018). A plaintiff bears the burden of establishing diversity jurisdiction by a preponderance of the evidence. Lopes v. Jetsetdc, LLC, 4 F. Supp. 3d 238, 241 (D.D.C. 2014).

Gray's complaint indicates that he lives in Washington, D.C., and it lists D.C. addresses for both the Archdiocese and R.J. Reynolds. Compl. at 1, 3. (Gray does not say where "Father Ginny" lives, in the unlikely event he is still with us.) The Archdiocese has submitted a declaration from in-house counsel Patrick Burke confirming that its place of incorporation is the District of Columbia. Burke Decl. ¶ 2, Reply Ex. 1. Mr. Burke explains that the Archdiocese was formed as a "corporation sole" by an Act of Congress in 1948. Id. at ¶ 3. "A 'corporation sole' is a corporation 'consisting of only one person whose successor becomes the corporation on his death or resignation.'" K.W. ex rel. Edgerton v. Roman Cath. Archbishop of Wash., No. CIV. A. 06-01167 HHK, 2007 WL 902316, at *1 (D.D.C. Mar. 23, 2007) (quoting Black's Law Dictionary 342 (6th ed.1990)). The Roman Catholic Archbishop of Washington, currently Cardinal Wilton D. Gregory, is the Archdiocese's only director and thus the "sole" embodiment of its corporate form. Burke Decl. ¶¶ 3, 5. Assessing similar evidence, another court in this district treated the Archdiocese as a D.C. corporation for diversity purposes, noting, among other indicia of D.C. residency, that "[t]he Act creating the Archdiocese empowers it to act under 'the laws in force in the District of Columbia[.]'" K.W. ex rel. Edgerton, 2007 WL 902316, at *1. The Archdiocese thus contends that it is domiciled in Washington, D.C. and, because Gray is also domiciled in D.C., complete diversity of citizenship is lacking. Mot. at 2–3.

Gray's only retort is to assert that Cardinal Gregory resides at an address in Hyattsville, Maryland. Opp'n at 6. Mr. Burke avers in response that the Hyattsville address is the location of the Archdiocese's Pastoral Center, "which contains mostly administrative offices," not Cardinal Gregory's residence. Burke Decl. ¶ 6. Regardless, the location of the Cardinal Archbishop's personal residence is irrelevant here because "any suit against the Archdiocese . . . brought against the Archbishop in his *corporate* capacity." K.W. ex rel. Edgerton, 2007 WL 902316, at *1 (quoting Cevenini v. Archbishop of Washington, 707 A.2d 768, 770 n. 2 (D.C. 1998)). So, the question is not where Cardinal Gregory lives, but where the Archdiocese is domiciled as a corporation. Nor would it matter if the Pastoral Center is the Archdiocese's principal place of business; its domicile would then be *both* D.C. and Maryland, and diversity still would not exist.

Accordingly, Mr. Gray has not met his burden to establish federal jurisdiction, and the Court will grant the Archdiocese's motion and dismiss the case. A separate Order will follow.[1]

CHRISTOPHER R. COOPER
United States District Judge

Date: February 8, 2023

---

[1] Although R.J. Reynolds and "Father Ginny" remain defendants, subject matter jurisdiction generally is assessed as of the filing of the complaint. See Landmark Health Sols., LLC v. Not For Profit Hosp. Corp., 950 F. Supp. 2d 130, 135 (D.D.C. 2013) (citing Grupo Dataflux v. Atlas Global Grp., 541 U.S. 567, 571 (2004)). Because diversity was lacking from the outset, and the Court declines to exercise its discretion under Rule 21 to proceed with respect to any diverse defendants, the entire case will be dismissed.